## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **EDWIN WILLIAMS JR.** | § | |
| | § | |
| **V.** | § | **A-15-CA-1191-RP** |
| | § | |
| **LORIE DAVIS**[1] | § | |

## ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 2); and Respondent's Motion to Dismiss (Document 14). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has paid the applicable filing fee.  For the reasons set forth below, Petitioner's application for writ of habeas corpus is dismissed as time-barred.

## I.  STATEMENT OF THE CASE

### A.      Petitioner's Criminal History

According to Respondent, the Director has custody of him pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas, in cause number 13136. Petitioner was charged with possession of a controlled substance with a prior conviction alleged for the enhancement of punishment.  Petitioner pleaded guilty pursuant to a plea bargain agreement, and on July 29, 2008, was sentenced to ten years' deferred adjudication community supervision. Petitioner waived his right to appeal as a condition of his plea bargain agreement.

---

[1]The previous named respondent in this action was William Stephens.  On May 1, 2016, Lorie Davis succeeded Stephens as Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis is automatically substituted as a party.

On April 28, 2009, the State filed a motion to revoke Petitioner's deferred adjudication community supervision.  On June 1, 2009, the trial court found Petitioner violated the terms of his community supervision, and he was sentenced to sixty years' imprisonment.  Petitioner did not file a direct appeal.

Petitioner challenged his conviction in a state application for habeas corpus relief filed on May 13, 2012.  The Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing on September 19, 2012.  *Ex parte Willi*ams Appl. No. 77,767-02. He filed a second application in July 2015.  The Texas Court of Criminal Appeals dismissed it as successive on August 12, 2015.  *Ex parte Willi*ams, Appl. No. 77,767-05.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.     The trial court erred by granting him deferred adjudication when he was ineligible, making the sentence he received upon his revocation void;

2.     His guilty plea was involuntary because he was improperly admonished;

3.     His trial counsel was ineffective for:

    a.     advising him to accept a ten-year deferred adjudication;

    b.     failing to properly admonish him prior to his guilty plea; and

    c.     failing to file a notice of appeal after his revocation.

## II.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.    Application

Petitioner's deferred adjudication order became final, at the latest, on or about August 28, 2008.  *See* TEX. R. APP. P. 26.2(a); *United States v. Vasquez*, 298 F.3d 354, 359 (5th Cir. 2002) (finding a deferred- adjudication probation and revocation of that probation becomes final for federal sentencing enhancement purposes when time for filing notice of appeal passes or if appealed, when appeal is affirmed and no further review is possible); *Tharpe v. Thaler*, 628 F.3d 719 (5th Cir. 2010) (holding a deferred-adjudication order and a judgment of conviction and sentence are two separate and distinct judgments).  Petitioner incorrectly argues the factual predicate of his claim was not known to him until he discovered new evidence.  As explained by Respondent, Petitioner confuses the factual predicate of his claim with his purported proof thereof.  Therefore, Petitioner had until August 28, 2009, to timely file his federal application challenging his conviction and deferred adjudication order.

3

Petitioner's order revoking his deferred adjudication became final July 1, 2009.  Therefore, Petitioner had until July 1, 2010, to timely file his federal application challenging the revocation of his deferred adjudication community supervision.

Petitioner did not execute his federal application for habeas corpus relief until December 7, 2015, years after the limitations period had expired.  Petitioner's state applications did not operate to toll the limitations period, because they were filed after the limitations period had already expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  CONCLUSION

Petitioner's application for habeas corpus relief is time-barred.  Therefore, Respondent's Motion to Dismiss is granted and Petitioner's application is dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that the Motion to Dismiss, filed by Respondent on May 4, 2016, is **GRANTED**.

It is further **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

**SIGNED** on June 7, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE